## GEORGE H. ENGEMAN v. THE STATE.

It is not necessary, in order to charge a defendant with guilt for keeping a disorderly house, that it be made to appear that he had the power to suppress the mischief. If he participated with others in conducting the place in a manner obnoxious to the criminal laws, and lent his aid to maintaining it, the law charges him with guilt as a principal offender.

In error to Passaic Quarter Sessions.

Argued at June Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and KNAPP.

For the plaintiff in error, *Robert I. Hopper* and *Samuel Kalisch.*

For the state, *William B. Gourley.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The defendant was convicted in the Passaic County Quarter Sessions for keeping a disorderly house at Clifton, in said county, where betting on horse races and bookmaking were habitually carried on.

The errors assigned are the same as those presented by the case of George H. Engeman, William A. Engeman et al. *v.* The State, in which an opinion has been delivered at the present term of this court.   It is not necessary, therefore, to refer to any of the topics discussed in this case, except to the charge of the trial court, to which exception was taken.

The evidence was undisputed that at the Clifton race track, which was the nuisance complained of, bookmaking and betting were publicly and openly carried on during the races in 1889 and 1890 for several months, in the presence of large numbers of people who gathered there and participated in the betting.

It was the undisputed evidence that George H. Engeman, the defendant, was the president of the racing association, and that he was there daily while the racing and betting were engaged in.

The trial judge charged the jury that the question was whether the defendant was responsible for that establishment ; that the state relied on three facts to satisfy the jury that he is responsible, and that he was one of those who maintained the nuisance.

The three facts are :

*First.* That he owned about forty-five hundredths, nearly one-half, of the land on which the structure was erected, where the law was daily and openly violated.

*Second.* That he was president of the association said to be in charge of the place.

*Third.* That he was there almost every day while the vicious practices were going on openly at the place.

He left the jury to say whether they would infer from these facts that the defendant was engaged in maintaining or conducting the establishment in an illegal manner.

The court instructed the jury that, if the association had these betting booths and controlled them, and the defendant was a manager for the association with respect to this disorderly establishment, then he also would be responsible for it, but if he had no knowledge of it, or it was all beyond his control, if he did not participate in its maintenance, then he was not guilty. He left the jury to determine what, under the evidence, the fact was.

In all respects this charge is correct.

The counsel of the defendant requested the court to charge the jury that betting within the enclosure is not unlawful.

That although the defendant was the president of the Passaic Agricultural Association, that a mere non-interference with the bookmaker, or the habitual practice of making bets in the betting ring, is not sufficient in itself to convict him of keeping a disorderly house. Also, the mere fact that the defendant was a part owner of the property upon which this habitual violation of the law took place, was not in itself sufficient to convict the defendant of keeping a disorderly house.

That, in order for the jury to convict the defendant of keeping a disorderly house, they must believe that the defendant was in actual possession of the property, or had control over it, and that he participated in the illegal acts that took place there.

The court refused to charge upon these requests otherwise than had been charged, and such refusal was not error.

In respect to these requests the court had stated the law correctly.

In misdemeanors, all who aid, abet or participate are principals, and all are equally guilty.

The defendant offered no evidence on his own behalf. Betting carried on habitually on the race track, as the uncontra-

dicted evidence showed it had been, constituted the place a disorderly house, and it was not necessary, in order to charge the defendant with guilt, that it should appear that he had the power to suppress the mischief. If he participated with others in conducting the place in a manner obnoxious to the criminal laws, and lent his aid to maintaining it, the law marks him with guilt as a principal offender. The evidence fully justified the verdict of "guilty;" no other result could have been reached with due regard to the law and the evidence.

In my opinion, there is no error in the proceedings below, and the judgment should be affirmed.