FIREMEN'S BENEVOLENT ASSOCIATION OF THE CITY OF ATLANTIC CITY v. THE A. H. PHILLIPS COMPANY.

Submitted July 6, 1906—Decided November 12, 1906.

The city of Atlantic City, by ordinance, created a paid fire department, and the members of the department organized themselves into a corporation, under the name of the "Firemen's Benevolent Association of Atlantic City," pursuant to authority conferred by the act of March 25th, 1885. *Gen. Stat.*, p. 1494. Subsequently a writ of *certiorari* was allowed to review the legality of the ordinance. *Held*, that the allowance of the writ, although it suspended the operation of the ordinance, did not have the effect of dissolving the incorporated association.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff, *Clarence L. Cole.*

For the defendants, *Burrows C. Godfrey.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration in this case is framed upon the act regulating foreign insurance com-

panies doing business in this state, passed May 2d, 1885 (*Gen. Stat., p.* 1774), and which requires every person who, in the capacity of agent or broker, shall effect, or cause to be effected, any insurance upon property in any city of the state which has a duly incorporated firemen's relief association and shall place such insurance in a company not organized under the laws of this state, to pay to the treasurer of such relief association the sum of $2 upon each $100 of all premiums received by him for such insurance, and imposes a penalty of $500, payable to the treasurer of the relief association, for failure on the part of any agent or broker to pay over the percentage due upon any such premium. The ground of action set out in the declaration is the failure of the defendants to pay over to the plaintiff the percentage due upon premiums collected by them as agents or brokers upon insurance placed by them in companies not organized in New Jersey, and the recovery sought is the amount of such percentage.

The grounds of demurrer argued before us are limited to an attack upon the corporate existence of the plaintiff association.

The declaration avers that the plaintiff is a corporation of this state, duly incorporated under an act of the legislature entitled "An act concerning firemen's relief associations," approved March 25th, 1885 (*Gen. Stat., p.* 1494), and that it is composed solely of members of the Atlantic City paid fire department, created and existing under and in pursuance of an ordinance of that municipality entitled "An ordinance to establish, maintain, regulate and control a paid fire department in the city of Atlantic City," which was passed on the 28th day of March, 1904, and became operative on the day of its date. It then sets out that the validity of this ordinance has been questioned by third persons and that it has been removed by *certiorari* proceedings into the Supreme Court, where its legality is now under consideration. The first contention made by the demurrants is that the act of March 25th, 1885, under which the plaintiff avers that it is incorporated, permits the formation of firemen's relief asso-

ciations only in those cities where the persons who form the association are members of a paid fire department which is under the supervision or control of the common council or other governing body of the municipality, and that the declaration fails to show that this is the *status* of the plaintiff association, for the reason that the operation of the ordinance which established a paid fire department in Atlantic City was suspended by the *certiorari* proceedings referred to in the declaration. This contention seems to us to be without merit. The suspension of the operation of the ordinance pending the determination of the *certiorari* proceedings (if that was the effect of the allowance of the writ) plainly did not have the effect of dissolving the corporate existence of the plaintiff association. It appears from the averments of the declaration that at the time of its incorporation the statutory conditions referred to were present, and that it came into existence as a legally authorized body. To hold that the mere issuing of the *certiorari* destroyed the corporate life of the plaintiff is to give the same effect to the allowance of the writ as would follow a judgment of this court, rendered after hearing in the *certiorari* proceedings, determining that the ordinance which created the paid fire department was invalid and void. Until a judicial determination that this ordinance is void, the fire department of Atlantic City, which came into existence under its provisions, remains a paid fire department, and the relief association created by its members remains a legally constituted organization.

The only other ground of demurrer argued before us is that the plaintiff is not legally incorporated because its title or corporate name does not .comply with the requirements of the act of March 25th, 1885, which provides that such associations shall be incorporated under and by the name of "The ———— Firemen's Relief Association." This contention is based upon a careless reading of the act. The provision in this regard is that the association shall be incorporated under and by the name of "The Firemen's Relief Association, or any other name which shall indicate the object of such association, using the name of the city, town, * * * in

which the same may be located." The name adopted by the plaintiff association is a complete compliance with this statutory provision.

The statutory requirement with relation to the payment of these percentages seems to be in the nature of a license tax imposed upon foreign fire insurance companies doing business in this state, and it may well be doubted whether an action on contract will lie for the non-payment of such percentages, especially in view of the fact that the statute expressly declares the penalty which shall follow such non-payment. This question, however, is not raised by the specifications of causes of demurrer, and therefore is not presented to us for determination.

The plaintiff is entitled to judgment on the demurrer.