THE STATE OF NEW JERSEY v. JAMES W. WILSON.

Argued November 3, 1909—Decided March 4, 1910.

1. The distinction between felonies and misdemeanors being disregarded in our statutes relating to crimes, the rule that in misdemeanors all who aid or abet may be indicted, tried and punished as principals which obtains at common law obtains also in misdemeanors made such by statute.

2. If A directs a woman in an early stage of pregnancy, *i. e.*, before the child is quick, to go to B to have a miscarriage produced, which is accomplished by B by the use of instruments, A may be indicted as a principal offender under section 119 of the Crimes act, and upon proof of a concert of action between him and B may be convicted under the rule that all concerned in a misdemeanor are equally guilty.

On error to the Essex Sessions.

The state's case, as a jury might find it from the testimony, was that a married couple visited Dr. Wilson, the plaintiff in error, to ascertain if the wife was pregnant; and, being told by him that she was, the wife wanted him to open up her womb so that she might not become a mother; that Dr. Wilson sent the woman to one Radford to do the work for her; that the woman went to Radford at an address given by Dr. Wilson and that Radford on three occasions used instruments on her womb; that Radford had a conversation with Wilson over the 'phone about the matter; that Radford directed the woman to go back to Dr. Wilson for after treatment, and that after Radford had operated, he and Wilson met by appointment in a cafe to discuss the case. The woman was in an early stage of pregnancy, *i. e.*, the child was not quick. There was a severance and Wilson, being tried separately, verdict and judgment went against him.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff in error, *Frank E. Bradner.*

For the defendant in error, *Wilbur A. Mott,* prosecutor of the pleas.

The opinion of the court was delivered by

GARRISON, J.    The only question presented by this writ of error that calls for extended discussion is that raised by the motion to direct a verdict on the first count of the indictment, which charged the defendant, together with one Stacy R. Radford, with the unlawful use of instruments with intent to cause a miscarriage of a pregnant woman. The grounds of this motion were—*first,* that if the defendant had aided and abetted Radford it should have been so charged in the indictment; and *second,* that if the indictment be held good the defendant cannot upon proof of aiding and abetting be convicted as principal, which is the charge of the indictment.

Neither of these points is well taken. The statute does not make aiding and abetting substantive offences, hence the indictment should not charge them as such. As to the second ground the defendant, if guilty under the testimony, could be convicted as principal. The present statute which was passed in 1872 (*p.* 45) and is now the one hundred and nineteenth section of the Revised Crimes act (*Pamph. L.* 1898, *p.* 827) reads as follows:

"Any person who maliciously or without lawful justification, with intent to cause or procure the miscarriage of a woman then pregnant with child, shall administer to her, prescribe for her, or advise or direct her to take or swallow any poison, drug or medicine or noxious thing; or who maliciously or without lawful justification, shall use any instrument or means whatever with the like intent, shall be guilty of a high misdemeanor and punished accordingly."

The offence set forth in this statute was not a crime at common law unless the child was quick. *State* v. *Cooper,* 2 *Zab.* 52.

It is therefore a misdemeanor created by statute, whose

offence, as pointed out by Chief Justice Green in *State* v. *Murphy*, 3 *Dutcher* 112, is directed at the life or safety of the mother.

If it had been a felony at common law the defendant must have been indicted as accessory. *State* v. *Wyckoff*, 2 *Vroom* 65.

Being a misdemeanor the defendant could not have been so indicted. *State* v. *Seran*, 4 *Dutcher* 519.

In this state crimes created by statute are misdemeanors or high misdemeanors according to the degree of punishment imposed; they are never felonies.

"The distinction between felonies and misdemeanors is not observed in our criminal code." *State* v. *Brown*, 33 *Vroom* 666 (Justice Depue).

With the abolition of this distinction we let go also of the technical distinction, peculiar to felonies, viz., that the principal must be present at the commission of the crime and that an accessory must be absent. At common law in treason and in misdemeanors, that is to say, in the highest and the lowest grades of crime, this distinction never obtained; all concerned were treated as principals. The rule, therefore, as to misdemeanors is that all persons concerned therein, if guilty at all, are regarded as principals and may be indicted, tried and punished as such. 12 *Cyc.* 238.

The rule is not, as contended for by counsel, that a person whose conduct was such, that if the principal offence had been a felony, he would have been an accessory or aider or abettor is not punishable at all if the offence be a misdemeanor. On the contrary, the rule is that one who would have been an aider or abettor, *i. e.*, an accessory before the fact, if the offence had been a felony, may be indicted, tried and punished as a principal.

"In misdemeanors," said Justice Van Syckel, in *State* v. *Engeman*, 25 *Vroom* 247, "all who aid, abet or participate are principals and all are equally guilty." The indictment in that case was for keeping a disorderly house at the Clifton race track. The three defendants were the owners and landlords of the premises, but the actual gambling was carried

on by bookmakers. The charge to the jury was that under the testimony the defendants could be convicted as principals. Mr. Justice Van Syckel said that, "In all respects this charge was right," adding that "one who aids in carrying on a business which is conducted to his knowledge openly and flagrantly in violation of the criminal laws of the state is amenable to the punishment which the law denounces against the offence."

The same rule was applied in the subsequent case of *State* v. *George H. Engeman,* 25 *Vroom* 257, where the court had refused to charge that actual participation in the commission of the misdemeanor was necessary to a conviction, Justice Van Syckel saying "such refusal was not error," repeating that in misdemeanors all who aid or abet are principals.

This rule is neither by reason nor authority to be confined to offences that were misdemeanors at common law; but on the contrary inheres in and attaches to all existing offences that were not felonies at common law and may well have been the motive that led to the non-recognition of felonies in our statutory criminal code.

The legislature may, if it choose, make aiding and abetting substantive offences in addition to the principal misdemeanor created by its statute and in such cases more than one misdemeanor is created; but where a statute creates a single misdemeanor and annexes a punishment for all who may be convicted of the offence those participating as aiders and abettors are punishable as in misdemeanors at common law, and those who would have been accessories before the fact in case of felony are likewise indictable and punishable. 12 *Cyc.* 238, 240 (notes).

Under the statute of 1872 the defendant was properly indicted and convicted as principal. It is urged, however, that the history of this statute is such as to compel the conclusion that the legislature intended to legitimize the procuring of abortions, or at least to grant immunity to all who knowingly aided or assisted in the commission of such offence.

This rather startling proposition is based upon the circum-

stance that the original act of March 1st, 1849 (*Pamph. L., p.* 266), contained the words "and every person with the like intent knowingly aiding and assisting such offender or offenders" which were omitted from the act of 1872, which is the present statute. This, it is argued, is affirmative evidence that the legislature intended that the class of persons described by the omitted clause should go unpunished.

If such were the only possible explanation of this omission it may be that we should be compelled to give it conclusive effect, but such a purpose should not lightly be imputed to the legislature or be imputed to it at all if any other rational explanation suggests itself. That there is such other rational explanation is suggested by what has already been said, viz., that the legislature has the option to make aiding, abetting, assisting and the like substantive misdemeanors or to create a single misdemeanor in which all of the classes of persons thus indicated may be held as principals.

It is obvious, therefore, that the legislature which in 1849 created these subsidiary but substantive misdemeanors may have concluded in 1872 to retain the principal offence only with its legal incidents as to who were to be held as principals in the commission of such misdemeanor.

As between this intelligent and officious purpose on the part of the legislature and the imputation to it of an express intention, if not to legitimize, at least to condone one of the gravest offences against society, this court, as a co-ordinate branch of the government, ought not for a moment to be skeptical.

Our construction should be that those persons who from 1849 to 1872 were indictable only as aiders and assistants may now, *i. e.*, since 1872, be indicted, tried and punished as principals.

The motion to direct a verdict on the grounds stated was therefore properly denied.

We find no error in the admission of the acts and declarations of Radford after testimony as to a concert of action between him and the defendant had been admitted.

The cross-examination of the defendant and the exclusion of his statements were not erroneous.

The charge was not erroneous.

The judgment of the Essex Sessions was not erroneous and is affirmed.