THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SIMON SPENCE, PLAINTIFF IN ERROR.

Argued February 21, 1911—Decided June 14, 1911.

The distinction between felonies and misdemeanors being disregarded in our statutes relating to crimes, the rule that in misdemeanors all who aid. and abet in the commission of the criminal act, although not personally present, may be indicted, tried and punished as principals which obtains at common law obtains also in misdemeanors made so by statute.

---

On error to the Camden Quarter Sessions Court.

. Before Gummere, Chief Justice, and Justices Reed and Trenchard.

For the plaintiff in error, *Joseph Beck Tyler.*

For the state, *Henry S. Scovel,* prosecutor of the pleas, and *Charles A. Wolverton,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

Trenchard, J. Simon Spence, the defendant below, and one Albert Hildreth, were jointly indicted for willfully and

maliciously burning a "building used as an automobile garage," in the city of Camden. A severance was ordered and Spence was tried separately. The jury returned a verdict, as appears by the record, of "guilty as an accessory as charged."

The defendant contends that he was convicted of a crime for which he was not indicted, and hence the judgment of the court, based upon the verdict, must be reversed.

The argument is that since the jury found the defendant guilty as an accessory, they at most found that he aided and abetted in the commission of the criminal act, although not personally present, and hence he could not be punished as a principal.

We find no merit in the contention for the reasons we will now state.

The indictment charged that the defendant "willfully and maliciously did burn a certain building used as an automobile garage," and such an offence is made a high misdemeanor by section 124 of our Crimes act. *Pamph. L.* 1898, *p.* 828.

The offence thus charged was not a felony at common law, the building burned not being a dwelling-house or outhouse used in connection therewith. 3 *Cyc.* 984 *et seq.;* 4 *Blacks. Com.* 220; *Clarke Cr. L.* (*2d ed.*) 255.

It is therefore a misdemeanor created by statute.

If it had been a felony at common law, an indictment as an accessory would have been required in order to warrant the defendant's conviction as an accessory. *State* v. *Wyckoff,* 2 *Vroom* 65.

"In this state crimes created by statute are misdemeanors, or high misdemeanors according to the degree of punishment imposed. They are never felonies." (Mr. Justice Garrison.) *State* v. *Wilson,* 50 *Vroom* 241; *affirmed,* 51 *Id.* 467.

"The distinction between felonies and misdemeanors is not observed in our criminal code." (Mr. Justice Depue.) *Brown* v. *State,* 33 *Vroom* 666.

"With the abolition of this distinction, we let go also of the technical distinction, peculiar to felonies, viz., that the principal must be present at the commission of the crime, and that an accessory must be absent. At common law in treason and

in misdemeanors—that is to say, in the highest and lowest grades of crime—this distinction never obtained. All concerned were treated as principals. The rule therefore as to misdemeanors is that all persons concerned therein, if guilty at all, are regarded as principals, and may be indicted, tried and punished as such. 1 *Cyc.* 238." (Mr. Justice Garrison.) *State* v. *Wilson, supra; affirmed,* 51 *Vroom* 467.

"In misdemeanors, all who aid, abet or participate are principals, and all are equally guilty." (Mr. Justice Van Syckel.) *Engeman* v. *State,* 25 *Vroom* 257, 259.

The foregoing propositions lead logically to the conclusion announced by the Court of Errors and Appeals in *State* v. *Wilson, supra,* as follows: "In a case of misdemeanor, where all are liable as principals, the defendant may be convicted under an indictment charging him with the actual commission of the criminal act, although he was not personally present, and would, in a case of a common law felony, be liable only as an accessory. The reason is that such an indictment charges the defendant according to the legal effect of the offence." That rule controls the present case. In the Wilson case the indictment charged the defendant with the use of instruments to procure a miscarriage, and the court held that he could be convicted on proof which showed that he was not actually present, and did not participate in the use of the instruments, the court saying: "In this case the defendant is in legal effect guilty of using the instrument for the criminal purpose." In the case at bar the defendant was indicted for willfully and maliciously burning the building. The jury found him "guilty as an accessory as charged." If he was guilty as an accessory, he was guilty as a principal. Although he was an accessory in fact he was a principal in law. The words "as an accessory" in the verdict are mere surplusage.

The judgment of the court below will be affirmed.