THOMAS J. MOLONEY, ADMINISTRATOR AD PROSEQUEN-
DUM OF THE ESTATE OF AARON F. BURTT, DECEASED,
APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY,
RESPONDENT.

Submitted December 9, 1918—Decided March 3, 1919.

In a suit against the master, it is proper, on cross-examination of a
servant, to show that the servant made other statements, con-
tradictory of his testimony on the witness-stand. Such contra-
dictory testimony is admissible only to discredit the testimony of
that witness, and not for the purpose of binding the master by
an unauthorized statement. Protection from the latter effect is
to be had by a request that the trial judge limit the effect of
such testimony to its strictly legitimate use.

On appeal from the Essex County Circuit Court.

For the appellant, *Howe & Davis.*

For the respondent, *Lefferts S. Hoffman* and *Leonard J. Tynan.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This suit was brought for dam-
ages for the death of plaintiff's decedent, who, while riding
in an automobile, was run into by a trolley car of defendant
and killed. From a judgment for defendant entered on the
verdict of a jury plaintiff appeals to this court.

The first objection is based upon the ruling of the trial
judge as to the admissibility of certain questions asked of one
of defendant's witnesses on cross-examination. The motor-
man had testified for the defendant as to the operation of
the trolley car, &c., and on his cross-examination the follow-
ing took place:

"Q. Well, after the accident you walked up the street with
an officer, did you not?

"A. No, sir; I was taken up in an automobile.

"Q. Well, you went with an officer?

"A. Yes, sir.

"Q. Was that Officer Curtin?

"A. Well, I think it was; I wouldn't say positively, but I think it was the same man.

"Q. Did you not say to Officer Curtin—

"Mr. MacSherry—One moment. I want to object to anything that this witness said to anybody. I do not know what it is, but certainly he is not competent to bind this company.

"Mr. Davis—I submit that upon the cross-examination of this witness anything that would go to impeach the credibility of his testimony would be competent. Anything that he said in contradiction of his testimony now, at any former time, I submit, would be competent.

"The Court—I have never known a question of this kind to be answered.

"Mr. Davis—Not as binding upon the company, if your honor, please, but as impeaching the credibility of his testimony. In other words, if he testified here to a certain thing, and I asked him whether on a certain other occasion he did not make a statement to another witness different from the testimony that he is giving here, I submit that that is proper cross-examination, and it goes to impeach the credibility of his testimony.

"The Court (after argument)—If you find any case that authorizes the question with respect to this class of employes, I shall follow it, of course, but at present I shall stand by what I understand to be the general rule applicable to employes whose business it is to act and not to speak, not to make statements.

"Mr. Davis—May I frame the question and have your honor rule upon it?

"The Court—Certainly; ask your question.

"Q. Mr. Haberstick, did you not say to—

"The Court—No, that will not do; you cannot ask a question that will bring before the jury any statement that you claim that the witness made.

*    *    *    *    *    *    *    *    *    *    *    *    *

"Mr. Davis—I desire, then, to ask the witness a question which would lay the foundation for me to present on rebuttal testimony of one or more witnesses that—

"The Court—As to statements made by him which, you say, were inconsistent with his present testimony?

"Mr. Davis—Yes, sir; that immediately after the accident, and on Main street, Orange, in the vicinity of the accident, he made to Officer Curtin, of the Orange police force, a statement which, if true, would go towards contradicting the testimony now given by him on the stand.

"The Court—Yes.

"Mr. MacSherry—That I object to.

"The Court—I sustain the objection, the ground of my ruling being that I think this is only an indirect way of proving statements made by the witness, who is a motorman, and I understand the established rule to be that such statements cannot be proved directly, and I think they should not be proved indirectly."

These rulings, which were duly objected to, constitute reversible error. In *Sperbeck* v. *Camden and S. Ry. Co.*, 64 *Atl. Rep.* 1012, the motorman and conductor of a trolley car were asked on cross-examination if on a certain day in the presence of a certain person they said that certain things, naming them, had caused the accident. This was permitted over objection and they denied making the assertions. Then that person took the stand and swore that those witnesses said in his presence what they had just denied saying on cross-examination. This was objected to, and it was held that it was entirely clear that the questions asked of the motorman and conductor on cross-examination were competent, because, if it had appeared that they had said what the question included, it modified, and, in a degree, discredited the stories told on their examination-in-chief. These two witnesses having denied that they had used the language, it was entirely competent to prove by another witness that they had used it, and so by their statements outside had discredited the story told in court; and that this is one of the most familiar rules controlling the admission of evidence.

Even where a party is "surprised" by adverse testimony of his own witness, he may be permitted to prove contradictory statements made by such witness for the purpose of discrediting him. See *State* v. *D'Adame*, 84 *N. J. L.* 386, 394. It is only when the fact brought out on cross-examination for the purpose of contradiction and discredit is collateral or irrelevant to the issue that contradiction is not allowed. *Bullock* v. *State*, 65 *Id.* 557, 575; *State* v. *Mor*, 85 *Id.* 558, 562.

The question here under consideration is not one of an attempt to bind the master by an unauthorized statement or admission of a servant concerning the happening of an event, but one going to the credibility of the servant's testimony by seeking to contradict it out of his own mouth. Protection from the effect of such contradicting testimony, as tending to establish or negative a fact or facts in issue instead of working discredit only with reference to the testimony of a witness, is to be had by request of the trial judge to limit the effect of such testimony to its strictly legitimate use. *Hill* v. *Maxwell*, 77 *N. J. L.* 766.

There were objections with reference to the trial judge's charge as delivered and his refusal to charge as requested. We have examined these and find no substance in the objections.

The judgment under review must be reversed, to the end that a *venire de novo* may issue.

*For affirmance*—None.

*For reversal* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.