STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ERNEST FIUMARA, PLAINTIFF IN ERROR.

Submitted October 29, 1932—Decided January 31, 1933.

For the plaintiff in error, *J. Victor D'Aloia.*

For the state, *Joseph L. Smith,* prosecutor of the pleas; *Simon L. Fisch,* first assistant prosecutor of the pleas, and *Harold H. Fisher,* special assistant prosecutor of the pleas.

The opinion of the court was delivered by

TRENCHARD, J. The case was brought up for review both on bills of exceptions and by specifications of causes for reversal under sections 136 and 137 of the Criminal Procedure act. *Comp. Stat., p.* 1863.

The Supreme Court affirmed the conviction of the plaintiff in error (and another who does not now complain), upon an indictment under circumstances set out, and for the reasons given, in the foregoing opinion.

We think that the judgment of the Supreme Court should be affirmed for the reasons given in its opinion, with the following explanation or amplification which we deem necessary to prevent possible misconception.

It will be seen that it was urged before the Supreme Court that it was legal error for the trial court to admit evidence upon the question of whether or not the defendant's confession was voluntary, to be taken in the presence of the jury. Upon

that topic the Supreme Court, among other things, said: "That, in our opinion, is a matter of discretion of the court, unless objection be made by the defendants' counsel to such procedure."

Of course, the matter was within the discretion of the trial judge. We so declared in *State* v. *Yarrow,* 104 *N. J. L.* 512, where it was held that whether such a confession is admissible presents a question for the court distinct from that of the jury, and it is discretionary with the court to exclude the jury from the court room or to hear the testimony in their presence.

But, in the present case, after having properly declared that it was a matter of discretion, the Supreme Court added this: "Unless objection be made by the defendants' counsel to such procedure." That language, without explanation, would seem possibly to imply that the discretion of the trial judge is controlled by the objection of defendants' counsel; and that we think is not so. Being a matter of discretion, the trial judge, even over the objection of the defendant, may exclude the jury from the court room, or hear the testimony in their presence, and the action of the judge in exercising such discretion, will not lead to a reversal, unless it is shown that there is an abuse of such discretion resulting in manifest wrong or injury to the defendant.

The manner in which such discretion should be exercised is illustrated in *State* v. *Gruff,* 68 *N. J. L.* 287. There the defendant objected to the admission of his confession in evidence before the jury, and the state alleged that *the confession itself* would show the objection to be groundless; thereupon the judge, in the absence of the jury, *received evidence of the substance of the confession,* and finding thereby the objection was groundless, permitted the confession to be related before the jury. That was held not erroneous. In the course of the opinion Mr. Justice Dixon said: "Usually, indeed, the testimony to be considered by the judge on the points mentioned should be taken in the presence of the jury; for it will tend, not only to instruct the judge as to the admissibility of the confession, but also to enlighten the jury as to the credibility

of the confession if admitted in evidence. But when, as here, the evidence tendered on the preliminary question of admissibility is such as would unfavorably affect the prisoner in the minds of the jury, and illegally if the confession were finally held to be not admissible, it certainly promotes the due administration of law for the judge alone to hear the evidence in the first instance. If he then holds the confession to be admissible, the same evidence, so far as it relates to the credibility of the confession, can be repeated before the jury. Such a course avoids, on one hand, the exclusion of a confession which has, in fact, all the essentials of legal evidence, *although those essentials may not be susceptible of extrinsic proof,* and, on the other hand, avoids the disclosure to the jury of inculpatory declarations of the prisoner which, in fact, lack some essential of legal evidence."

In the case at bar it is quite apparent that the discretion of the trial judge was properly exercised. Upon the whole case we discover no reason for reversing the judgment, and consequently it must be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, LLOYD, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 11

*For reversal*—None