STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. LOUIS WEISS, PLAINTIFF IN ERROR.

Submitted January 19, 1943—Decided May 10, 1943.

150

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas; *Donal C. Fox,* Assistant Prosecutor (*C. William Caruso,* Special Assistant Prosecutor, of counsel).

For the plaintiff in error, *David Green* and *Harkavy & Lieb* (*Abraham I. Harkavy,* of counsel).

The opinion of the court was delivered by

PORTER, J.  Louis Weiss, herein called the defendant, was indicted and convicted of the crime of abortion.  *N. J. S. A.* 2:105-1 (b.).  The case is before us on a certificate of the entire record of proceedings at the trial, pursuant to *N. J. S. A.* 2:195-16.

The indictment charges that the defendant and one George E. Harley on July 20th, 1940, at Newark "maliciously and without lawful justification, with intent to cause and procure the miscarriage of Rose Castellitto, a woman then pregnant with child, did use in and upon the said Rose Castellitto divers instruments and means, to the grand jurors aforesaid unknown," &c. Harley pleaded non vult to the indictment before trial and appeared as a witness for the state against the defendant.

One of the points urged for reversal is that the verdict was against the weight of the evidence. We shall consider that first. The state alleges and argues that the proofs establish that Rose Castellitto, hereinafter called Rose (her name is misspelled in the indictment) was having meretricious relations with one James Corino by reason of which she became pregnant and that the defendant, a registered pharmacist, sought to bring about an abortion first in March or April, 1940, by selling medicine to Corino which he prepared for Rose, and on two subsequent occasions, once in May, 1940, and again on July 20th, 1940, when he called in Harley, formerly a licensed physician, and arranged with him to perform the abortions; that Corino paid defendant for the operations amounts agreed upon between him, Harley and defendant, said money being divided equally between defendant and Harley; that Rose was taken by Harley to his rooms in Newark where the operations were performed by the use of instruments. These occurrences are supported by the testimony of Corino, Rose and Harley. The defendant admits selling medicine to Corino on two occasions, but says that it was a standard patent medicine used in case of delayed menstruation which it was lawful for him to sell over the counter and which was medicine specifically asked for by Corino and not suggested, advised or prepared by him. He admits that he knew Harley who frequently came into his drug store, but denied knowing that Harley had been a licensed physician, and denied participating in the abortions or having any knowledge of them. We have the testimony of the three witnesses mentioned above in support of the charge and the categorical denial of the defendant. Contrasting and apprais-

ing this evidence, we do not think that the verdict was against the weight of the evidence.

Another point argued is that the trial court erred in refusing to grant defendant's motion for a mistrial. There was a dispute as to whether or not an attorney first retained by defendant was present with him at police headquarters when defendant there made a written statement to the police. A police officer testified that the attorney was called as a witness by the state, and on cross-examination volunteered the reason for withdrawing as defendant's counsel, stating that he did so "when Mr. Weiss wanted to fix the case." Defendant's counsel moved for a mistrial. The court denied the motion and struck out the comment and directed the jury to disregard it. It is argued that the making of this statement by the witness was prejudicial to the defendant and that it was an abuse of discretion on the part of the trial court not to have declared a mistrial. We conclude that the cross-examination by the plaintiff in error provoked the comment volunteered by the witness and that it was within the sound discretion of the court to deny the motion for a mistrial after striking out the statement and properly instructing the jury to disregard it.

Next it is argued that reversible error was committed by the court in permitting the witness, Ervey, to testify to the circumstance of his taking Corino to the defendant's drug store. Ervey said that Corina and Rose called on him at his home and that he took Corino to defendant's store and introduced him to defendant. Ervey was questioned as to the purpose of the visit to defendant to which he answered that "He [meaning Corino] was not positive. He thought possible she was pregnant or had a cold." This, while hearsay, we think was admissible. The witness had been examined as a defense witness to show the character and reputation of the defendant as an honorable man. He testified that he was a very fair man and that he had never heard anything against him. On cross-examination the prosecutor brought out the testimony objected to. It was proper to bring out on cross-examination just why the witness, Ervey, sought out Weiss as a person who would be of assistance to Corino and Rose under the circum-

stances. The testimony was incompetent on the question of pregnancy but competent on the question of weight to be given the testimony of the witness concerning the reputation of the defendant. Evidence which is incompetent for one purpose may be competent for the purpose for which offered; and if it is competent for such purpose, it is no ground of objection to such evidence that the jury possibly may use it for an improper purpose. *Trenton Passenger Railway Co.* v. *Cooper,* 60 *N. J. L.* 219; 37 *Atl. Rep.* 730; *Perry* v. *Levy,* 87 *N. J. L.* 670; 94 *Atl. Rep.* 569; *Moloney* v. *Public Service Railway Co.,* 92 *N. J. L.* 539; 106 *Atl. Rep.* 376; *Jerolaman* v. *Belleville,* 90 *N. J. L.* 206; 101 *Atl. Rep.* 244.

The next point argued for reversal is that it was error for the court to have ruled concerning the competency of prospective jurors that the defense may not ask them their church affiliations or whether they were members of any church whose tenets have reference to birth control. The argument is that the purpose of the question was to show bias and prejudice. We think these questions were clearly improper. *Cf. State* v. *Longo,* 121 *N. J. L.* 427; 3 *Atl. Rep.* (*2d*) 127.

Another point urged for reversal is that the indictment charges the crime to have been committed by the use of instruments, and the proofs against the defendant are that he administered or sold drugs for the illegal purpose, a separate and distinct offense. The indictment charges but one specific offense against both the defendant and Harley jointly, committed on a specified date. The use of instruments and not drugs is charged. The proof of the sale of drugs by defendant on other occasions was evidential to show intent, which is an essential element for this offense. *State* v. *Lederman,* 112 *N. J. L.* 366; 170 *Atl. Rep.* 652. It is also admissible to show a state of mind or course of conduct by the defendant over a period of time. *State* v. *Raymond,* 53 *N. J. L.* 260; 21 *Atl. Rep.* 328; *State* v. *Fay,* 127 *N. J. L.* 77; 21 *Atl. Rep.* (*2d*) 607; *State* v. *Steneck,* 118 *N. J. L.* 268; 192 *Atl. Rep.* 381. It is further urged under this point that the grand jurors, knowing the names of the instruments used, failed to specify them as it should have done. It was not necessary to name the instruments and presumably the same were not

then known, the indictment so states. It would seem immaterial to the defendant what instruments were used in the light of his denial of guilt. Had the knowledge been of any assistance to his defense, however, it could have been obtained by a bill of particulars which was not resorted to.

Another point is made that there was no proof of pregnancy when the sale of drugs was made by defendant. We perceive no error here because the indictment was not based on those transactions, and whether or not there was pregnancy at that time is immaterial. It was necessary for the state to show that she was in fact pregnant on July 20th when the instruments were used as charged in the indictment. That was clearly established by the proofs.

It is argued that the court erred in reading to the jury the entire statute concerning the crime of abortion, because it caused the jury to become confused in the belief that it could convict the defendant on the proof alone of the sale of the drugs by him. We think not. The statute was read to make clear to the jury, as was explained by the court, that the statute does not require proof of a successful miscarriage. The court was explicit in stating that the theory of the prosecution was that Harley was the one who alone actually performed the operation and that the defendant was an aider and abettor in the act. His presence was not necessary in order to establish his guilt. In misdemeanors all who aid, abet or participate are principals and all are equally guilty. *State* v. *Engeman,* 54 *N. J. L.* 247; *23 Atl. Rep.* 676; *State* v. *Wilson,* 79 *N. J. L.* 241; *75 Atl. Rep.* 776; *affirmed,* 80 *N. J. L.* 467; *78 Atl. Rep.* 144.

We have considered other points argued and find them to be without merit. Some of them come within the principles we have discussed and need no further elaboration.

The judgment under review will be affirmed.