9 N.J. Super. 18 (1950)
74 A.2d 617
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES CRAIG, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 19, 1950.
Decided July 10, 1950.
*21 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. H. Russell Morss, Jr., First Assistant Prosecutor, argued the cause for the plaintiff-respondent (Mr. Edward Cohn, Prosecutor of Union County, attorney).
Mr. Joseph Butt argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant, Charles Craig, asserts several grounds for a reversal of his conviction on an indictment charging him with having unlawfully taken a motor vehicle in violation of R.S. 2:145-6. He was jointly indicted with one Charles Williams. The court granted the State's application for a severance.
For the purpose of disposing of the issues raised by defendant's appeal, it becomes essential to discuss only three of the several grounds argued, to wit: (1) "The court improperly directed questions to defendant's attorney as to the defense of the defendant;" (2) that the court erred in ordering the defendant to take the stand during the State's case and permitting the cross-examination of defendant as to prior convictions; and (3) that the court erred in its instructions to the jury.

I.
The defendant complains that the court's action in interrogating his counsel during the trial as to the defendant's defense was erroneous and that the defendant suffered manifest wrong or injury thereby. Rule 2:7-3 provides:
"Before any evidence is offered at criminal trials, the state shall make an opening statement to the jury. Immediately thereafter, *22 the defendant or his attorney shall make an opening statement outlining his defense. Failure of defendant or his attorney to make such opening at that time shall bar any further opening by defendant or his attorney throughout the trial."
It is apparent from the Rule that it is not mandatory for the defendant or his attorney to make an opening statement to the jury outlining his defense. Both the State and defendant's counsel made opening statements to the jury, although no stenographic record thereof was made. Defendant did not interpose any objection to the interrogation by the court as to the defendant's defense; therefore, he is not entitled to raise the issue on appeal, unless it appears that he suffered manifest wrong or injury thereby. We find none. State v. Meola, 6 N.J. Super. 214, 219 (App. Div. 1950). While not called upon to decide the question, we are of the opinion that in view of Rule 2:7-3, it is better practice for the court to refrain from interrogating or requesting defendant or his counsel to make known his defense during the trial.

II.
Our examination of the record discloses that the court did not order the defendant to take the stand during the State's case. The defendant's attorney voluntarily placed the defendant on the stand to testify after he objected to the admission of two written statements made by the defendant, on the ground that the determination as to their admissibility "should be reserved until the defendant has had the opportunity to testify with regard to making of the statement." The court thereupon stated that the question of admissibility was for its determination and that if the defendant desired to raise that question "he may take the stand to do so." Thereupon, the defendant took the stand for the sole purpose of testifying as to the voluntariness of the statements in question. While on the stand and under cross-examination by the State, the court permitted the State, over defendant's objection, to interrogate the defendant as to prior convictions. The defendant *23 contends that the court erred in admitting the challenged testimony, on the ground that the examination of the defendant was limited to evidence concerning the voluntariness of the confession, and that the evidence of defendant's prior convictions was not within the scope thereof; and in view of the fact that the interrogation was in the presence of the jury, the testimony was improperly admitted. It is the well settled rule in this State that the question of admissibility of confessions is for the sole determination of the court and not for the jury. When a confession is offered by the State in a criminal case, it is the right of the counsel of the prisoner, before it is admitted, to cross-examine the witness who proposes to testify as to the circumstances surrounding the making of it, and the defense may also call, at the same time, independent witnesses and examine them, going thoroughly into the whole matter as to how the confession came to be made, the parties present, the physical conditions and state of mind of the prisoner at the time it was made, and then the court, with all these facts before it, passes upon its admission. State v. Hill, 65 N.J.L. 626 (E. & A. 1900). The jury, during the hearing of this evidence, may be withdrawn, as is proper during all proof and argument upon questions of admissibility; but, when a confession is ruled to be admissible, the same evidence and all other circumstances affecting the weight of the confession may be introduced for the jury's ultimate consideration. Wigmore on Evidence (3d Ed.), Vol. 3, § 861 (2) and (3), p. 349. The trial judge may exclude the jury from the court room or hear the testimony in their presence. The action of the judge in exercising such discretion will not lead to a reversal unless it is shown that there is an abuse of such discretion resulting in manifest wrong or injury to the defendant. State v. Fiumara, 110 N.J.L. 164 (E. & A. 1933). We think the indicated procedure in the court's opinion in State v. Gruff, 68 N.J.L. 287, at pp. 290, 291 (E. & A. 1902), is a salutary one, to wit:
"* * * Usually, indeed, the testimony to be considered by the judge on the points mentioned should be taken in the presence of *24 the jury; for it will tend, not only to instruct the judge as to the admissibility of the confession, but also to enlighten the jury as to the credibility of the confession if admitted in evidence. But when, as here, the evidence tendered on the preliminary question of admissibility is such as would unfavorably affect the prisoner in the minds of the jury, and illegally if the confession were finally held to be not admissible, it certainly promotes the due administration of law for the judge alone to hear that evidence in the first instance. If he then holds the confession to be admissible, the same evidence, so far as it relates to the credibility of the confession, can be repeated before the jury. Such a course avoids, on one hand, the exclusion of a confession which has, in fact, all the essentials of legal evidence, although those essentials may not be susceptible of extrinsic proof, and, on the other hand, avoids the disclosure to the jury of inculpatory declarations of the prisoner which, in fact, lack some essential of legal evidence."
While the question of the admissibility of a confession is one solely for the determination of the court, it is also well settled that the question of the credibility thereof and the weight to be accorded it is for the jury's consideration and determination. In view of the fact that the court ruled that the "confessions" were admissible, and that the State could have properly interrogated defendant as to his prior convictions when he later took the stand in his own defense, we are satisfied that the defendant did not suffer any manifest wrong or injury because of the cross-examination in the presence of the jury as to his prior convictions.

III.
Defendant contends that the court erred in charging the jury that "Well, in this case the car was taken without permission and in violation of the law." We think that the instruction was erroneous and that the defendant thereby suffered manifest wrong or injury. The State contends that the defendant failed to specifically object to this alleged erroneous instruction. While it appears that the defendant did not specifically make such an objection, he did take what he terms was "a general exception to the charge." Under Rule 1:2-19, as amended November 10, 1949, provides: "* * * *25 The court may, however, notice plain errors affecting substantial rights of the defendant, although they were not brought to the attention of the trial court." The instruction complained of, in effect, charged the jury as a matter of law that the car was taken without permission and in violation of the law. Whether the car had been taken without permission in violation of the law was a factual question and one to be resolved solely by the jury. We think this instruction had the effect of taking from the jury the determination of the factual issue of the case. The State contends that the challenged excerpt of the court's charge cannot be severed from the rest of the charge, but that the charge must be considered in its entirety; and that so read, it correctly informed the jury of the applicable principles of law. State v. Engels, 2 N.J. Super. 126 (App. Div. 1949). It is true that the court, in other portions of its charge, correctly charged the prevailing rule of law. However, the trial judge failed to withdraw or modify the erroneous portion. The result is that two statements of the law were made to the jury, one of which was erroneous. As was stated by Mr. Justice Garrison, speaking for the Court of Errors and Appeals, in State v. Erie R.R. Co., 84 N.J.L. 661, 666 (1913): "* * * Unless we conceive of our trial system as one in which the jury is clothed with the capacity to decide between two judicial statements of the law and unerringly to select the correct statement and to disregard the incorrect, the error of the charge in the present case was not cured or rendered non-injurious to the defendant who excepted to it." Under the circumstances, we conclude that the instruction in question was erroneous and that the defendant suffered manifest injury thereby. State v. Auld, 2 N.J. 426 (Sup. Ct. 1949).
Our review of the several other grounds advanced by defendant for reversal convinces us that there is no merit in them.
The judgment of conviction is reversed and a trial de novo directed.