10 N.J. Super. 439 (1950)
77 A.2d 284
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN SEAMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 6, 1950.
Decided December 6, 1950.
*441 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Wallace S. De Puy argued the cause for the plaintiff-respondent (Mr. Walter G. Winne, attorney).
Mr. Jacob J. Levey argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant, John Seaman, appeals from his conviction on an indictment charging him (1) with breaking and entering the premises of a motor vehicle agency in the Village of Ridgefield Park, Bergen County, and (2) larceny of an adding machine. One Patrick Martinetti and one Joseph Brocco were named in the indictment with Seaman as co-defendants. Martinetti and Brocco entered pleas of guilty and testified as witnesses for the State.
The facts are substantially as follows: Martinetti testified that on November 10, 1949, the day preceding the commission of the crime, he and the defendant Seaman had a conversation in Little Ferry; that Seaman told Martinetti that there was a place in Ridgefield Park where he could get some money, bills of sale and a machine which looked like an adding machine; that subsequently, the same day, he drove Martinetti to Ridgefield Park, pointed out the motor vehicle agency in question and told him how he could gain entrance, promising that Martinetti and Brocco would get $300 each for the job; that Brocco and he (Martinetti) entered the premises in the early hours of the following morning; not finding either money or bills of sale, they took the adding machine; that before they were able to drive away, they were stopped by a local policeman who, upon discovery of the machine in their car, took them into custody; whereupon they confessed to the crime, stating that they committed it at Seaman's *442 instigation. Seaman did not accompany Martinetti and Brocco nor was he present. He denied the testimony of Martinetti and Brocco, asserting that he was not in Little Ferry or Ridgefield Park at the times fixed by Martinetti. Preceding the trial, defendant obtained a bill of particulars, wherein he was specifically informed that the State did not contend that Seaman was present at the time of the actual commission of the crime and that the State would prove defendant's guilt "as an accessory before the fact." At the end of the State's case and the entire case, motions for acquittal were made by defendant and denied by the court, on the sole ground: "* * * that the evidence that we have here to implicate this defendant only comes from the mouth of one Martinetti. * * * that there has been not the slightest degree of corroboration, but that the only testimony comes from the mouth of an admittedly self-confessed defendant with a long criminal record."
The defendant advances three grounds for reversal of his conviction, viz.: (1) "Evidence of appellant's complicity as an accessory before the fact failed to sustain his indictment as a principal;" (2) that the defendant was indicted as principal for the commission of common law felonies and that proof of his guilt as an accessory before the fact fails to sustain either charge; (3) that the court, in its charge, included an erroneous instruction which affected the substantial rights of the defendant.
Neither of the first two grounds nor the theories and arguments offered in support thereof were advanced before the trial court. Defendant having failed to raise these issues below, we might well decline to consider them. State v. Meola, 6 N.J. Super. 214, 219 (App.Div. 1950); State v. Kowalczyk, 3 N.J. 51, 55 (Sup.Ct. 1949). However, both parties having argued them extensively in their briefs and orally, we will discuss them insofar as may be essential to a disposition of the appeal.
The defendant argues that the statute (R.S. 2:115-1) creating the crime commonly known as "breaking and entering," *443 makes aiding and abetting a substantive offense, distinct from the offense interdicted therein against principals, and evidence of his complicity as an accessory before the fact fails to sustain his conviction as a principal. We are considering, therefore, a statutory high misdemeanor and not a common law felony.
The pertinent provision of the statute (R.S. 2:115-1) alleged in the first count of the indictment to have been violated, reads as follows:
"Any person who shall, by night, willfully or maliciously break and enter any church, meeting-house, dwelling house, shop, warehouse, mill, barn, stable, outhouse, railway car, canal boat, ship or vessel, or other building whatever, with intent to kill, rob, steal, commit rape, mayhem or battery, and his counselors, procurers, aiders and abettors, shall be guilty of a high misdemeanor."
We must assume that the defendant concedes that the verdict is supported by the weight of the evidence, as he does not assert it is contrary thereto. He contends, however, that the State's proofs establish his guilt as an accessory and to sustain his conviction he should have been so indicted. He relies heavily on the case of State v. Wilson, 79 N.J.L. 241 (Sup. Ct. 1910); affirmed, 80 N.J.L. 467 (E. & A. 1910). The statutory offense of abortion charged against Wilson did not specifically allude to aiding and abetting, whereas the pertinent statute here specifically includes "aiding and abetting" in its castigation. Here, the person who actually commits the crime "and his counselor, procurers, aiders and abettors, * * *" are clearly bracketed as principals and both "* * * shall be guilty of a high misdemeanor." It will be noted that in the applicable statute the conjunctive  not the disjunctive  is used. An examination of the Wilson case reveals that the defendant was charged as a principal although the evidence established that he was an aider and abettor. Wilson sought a reversal of his conviction before the Supreme Court on the ground that to sustain his conviction, he should have been indicted as an accessory. The court held that the distinction between felonies and misdemeanors is not observed *444 in our criminal code and "the rule is that one who would have been an aider or abettor, i.e., an accessory before the fact, if the offence had been a felony, may be indicted, tried and punished as a principal." The distinction that the defendant seeks to make with respect to the high misdemeanor charged against him in the first count is effectively disposed of in the case of State v. Woodworth, 121 N.J.L. 78 (Sup.Ct. 1938). In the Woodworth case, the defendant was indicted and convicted for robbery as a principal. Upon appeal Woodworth contended he merely aided and abetted another in the commission of the crime; that, where the statute makes aiding and abetting a separate substantive offense, the law requires an indictment therefor and a conviction as such. The Supreme Court held that: "The difficulty with this contention is that the legislature has not, by the cited provision of the Crimes Act, created two separate and distinct misdemeanors. Aiding, procuring and abetting in a robbery is not thereby made a distinct substantive offense, punishable as such." Under our Crimes Act almost all offenses are classified as misdemeanors or high misdemeanors according to the degree of punishment therefor. The statute, in a few instances, fails to denominate the offense, either as misdemeanor or high misdemeanor, e.g., bigamy and murder, and provides that the offender shall be guilty of bigamy or murder, as the case may be. In misdemeanors, both at common law and under our statutes, all persons concerned therein, if guilty at all, are regarded as principals and may be indicted, tried and punished as such. Such an indictment usually pleads according to legal effect and charges that the accused person or persons committed the crime as principal or principals. At common law, one who aided and abetted the commission of a misdemeanor was, we believe, a principal and not an accessory. Vol. 1, § 80, p. 101, of O'Regan and Schlosser, Criminal Law of New Jersey. In the case of State v. Spence, 81 N.J.L. 265 (Sup. Ct. 1911), the court held that: "The rule therefore as to misdemeanors is that all persons concerned therein, if guilty at all, are regarded as principals, and may be indicted, *445 tried and punished as such. 1 Cyc. 238." 22 C.J.S., "Criminal Law," § 82 (c), p. 147. See Engeman v. State, 54 N.J.L. 257 (Sup. Ct. 1892); Brown v. State, 62 N.J.L. 666 (E. & A. 1899); State v. Churchill, 105 N.J.L. 123 (E. & A. 1928); State v. Weiss, 130 N.J.L. 149 (Sup. Ct. 1943); State v. Morano, 134 N.J.L. 295 (E. & A. 1946). There was sufficient competent evidence here to support the verdict of the jury establishing defendant's guilt as an accessory before the fact in the commission of the crime charged in the first count of the indictment. We conclude, therefore, that his indictment and conviction as a principal are valid. We have examined the other cases cited by defendant on this point. They deal with statutes where "aiding and abetting" is clearly made a substantive offense and, therefore, are not analogous to the case at bar.
In view of our foregoing determination, we find it unnecessary to discuss defendant's second ground of appeal, since it goes only to the conviction upon the larceny count. The sentence imposed is fully supported by the verdict upon the first count of the indictment. In passing, we raise the query as to whether the case of State v. Woodworth, supra, is not dispositive of the second ground of appeal.
We find no error in that part of the court's charge of which the defendant complains, to wit:
"* * * should I be in error in charging you on what the law is and should the defendant thereby be aggrieved he would have redress in a higher court. The State has no redress in any case. So far as the State is concerned the case is over when you bring in your verdict. So, it is important that you take the law from me and apply it to the facts as you find them to be."
Assuming, arguendo, that it was erroneous, no objection was made thereto by defendant and he is not entitled to now raise it for the first time on appeal unless it appears that the defendant was prejudiced and suffered manifest injury thereby. Rule 1:2-19, as amended. See State v. Craig, 9 N.J. Super. 18, 25 (App. Div. 1950). We find no such prejudice or injury here. Our examination of the entire charge persuades us that the trial judge fairly and accurately instructed the *446 jury as to the applicable law. While the instruction complained of correctly stated the law, we think it might well have been omitted.
The judgment of conviction is affirmed.