APPLICATION OF KNOX.    [Habeas corpus.]

*January 13—June 5, 1923.*

*Infants: Probation after plea of guilty to crime: Violation of parole: Sentence and punishment: Habeas corpus: Not equivalent to writ of error.*

1. Sec. 57.05, Stats. 1921, relating to the probation of minors found guilty of misdemeanors or convicted the first time of a felony, confers jurisdiction on the court, after a plea of

guilty to a charge of violating sub. 1, sec. 1636—52*m*, relating to the taking and operation of an automobile without the consent of the owner, to pass sentence, to parole the prisoner, and, upon his subsequent arrest and return after a violation of his parole, to sentence him on the original charge and plea of guilty.

2. The writ of *habeas corpus* deals with the confinement of a person without jurisdiction wherein the order or judgment is void, but will not lie to review or correct judgments or orders that are merely erroneous.

ORDER TO SHOW CAUSE, issued out of this court, why the petition for a writ of *habeas corpus* made by the petitioner, *Ralph Knox*, shall not be granted. *Petition denied.*

The petitioner pleaded guilty in the superior court of Douglas county on the 16th day of August, 1920, to the charge of operating an automobile without the consent of the owner. On the 25th of August, 1920, the petitioner was placed on probation for the term of one year, under the custody of one R. D. Scoon of Superior. On the 13th day of November, 1920, the petitioner was brought before said court on the charge of having violated his parole, and thereupon he was sentenced to punishment by hard labor in the state prison at Waupun for the term of three years from noon of that day. Petitioner was nineteen years of age at the time of his sentence.

*Arthur H. Bartelt* of Milwaukee, for the petitioner.

For the *State* there was a brief by the *Attorney General* and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Messerschmidt*.

The following opinion was filed March 6, 1923:

CROWNHART, J. The claim is made by the petitioner that the parole for one year was a sentence and punishment. The statutes applicable are as follows:

"Section 1636—52*m*. 1. Any person who shall take, use and operate any automobile, motorcycle, or other similar motor vehicle upon any public highway of this state without

the consent of the owner thereof shall, upon conviction thereof, be punished by imprisonment in the state prison not more than five years, or by imprisonment in the county jail or workhouse not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and imprisonment in the discretion of the court."

"57.05 *Probation of minors.* (1) If any minor other than delinquent children as defined in section 48.01 be found guilty of any misdemeanor, or be convicted the first time of a felony for which the prescribed penalty does not exceed ten years, the court in its discretion may suspend sentence and place such minor under the guidance and control of the state board of control as in the case of an adult, or of some adult person who shall have consented in writing to become responsible for the good behavior of such minor for such period of probation not exceeding the maximum penalty prescribed as the court shall fix; and the court may require as a condition of the making or continuing in effect of the order, the payment of costs or the making of restitution, or both, in the court's discretion.

"(2) Such minor may be returned to such court on the original charge for sentence, at any time within such period of probation; and upon the expiration of such period, he may be sentenced, discharged, or continued under probation for an additional period to be then fixed by the court, subject to like return, discharge, sentence, or further probation thereafter."

These sections conferred jurisdiction upon the court to pass sentence on the defendant on his plea of guilty of the offense charged, for the paroling of the prisoner, for his subsequent arrest and return to the court for violation of his parole, and for sentence on the original charge and plea of guilty. The writ of *habeas corpus* will not issue to review or correct judgments or orders that are merely erroneous. It does not take the place of a writ of error. It deals with confinement of the person without jurisdiction wherein the order or judgment is void. *In re Carlson,* 176 Wis. 538, 186 N. W. 722. We are not called upon to construe the statutes

otherwise than to ascertain if the court acted within its jurisdiction.

*By the Court.*—The petition is denied.

A motion for a rehearing was denied, without costs, on June 5, 1923.