ST. PAUL ENGLISH LUTHERAN CHURCH ET AL., APPELLANTS, V. EMIL A. STEIN, APPELLEE.

FILED DECEMBER 29, 1926.   No. 25497.

Religious Societies: POWERS. When a church is so organized as to be a nonsynodical body, strictly independent of all other ecclesiastical connections or associations, and is governed solely within itself, its governing body being its membership, working by and through an elective church council, its property and support being derived from the voluntary and gratuitous contributions of its members, such contributions being solely for the use of such church, a majority of such membership may, ordinarily, control the right to the use and title to such property; and in furtherance of its design, as an ecclesiastical body, such church organization may call a pastor, and may discharge him, and transact such other or different business as may be consonant with the objects and purposes of its organization.

APPEAL from the district court for Franklin county: LEWIS H. BLACKLEDGE, JUDGE. *Reversed, with directions.*

*C. P. Anderbery* and *Stiner & Boslaugh*, for appellants.

*Bernard McNeny* and *J. S. Gilham*, contra.

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

This action was brought in the district court for Franklin county by the appellants, hereinafter called plaintiffs, against the appellee, hereinafter called defendant, seeking an injunction preventing the defendant from attempting to officiate as pastor of the plaintiff church, or from exercising any of the rights, functions or prerogatives as pastor of such church, or from longer using or occupying the par-

St. Paul English Lutheran Church v. Stein.

sonage and other buildings forming a part of such church property. After the issues were duly joined, the suit coming on to be heard, judgment was rendered in favor of the defendant and against the plaintiff; to reverse which judgment plaintiffs appeal.

The facts as we find them reflected by the record are: That the plaintiff church is, and has been for more than four years prior to the commencement of this action, a duly, legally organized and existing religious society, as indicated by its name, composed of about 40 members, owning, controlling and using a parsonage and a church building and equipment in Hildreth, Franklin county, and the lands comprising the tract upon which such church building, parsonage, and other outbuildings are situate; that such properties were acquired by voluntary and gratuitous contributions of the members of such church at a cost and value of about $14,000; that some time in August, 1921, the plaintiff church employed the defendant as its pastor, as we construe the record being considered, for an indefinite period, at a compensation of $1,200 a year, together with the use of the parsonage, terminable at the option of either of the contracting parties upon fair and reasonable terms, upon giving notice, on either party becoming justly dissatisfied; that such pastor took possession of the parsonage and the equipment thereof, which he has ever since occupied, and began, and has continued, to exercise the powers and rights of a pastor in reference to such church and property; that for about a year prior to the institution of this suit a serious and continuous lack of harmony between the members of such church and their pastor arose, and has ever since existed, deterring the growth of the church membership, and that to the extent of defeating the objects and purposes for which such church was organized and the property purchased and dedicated; that friendly efforts on the part of the officers of such church and its members, looking to an amicable adjustment of all matters involved, were made to induce the defendant to withdraw as pastor of such church and vacate such par-

sonage, which were without avail; that in furtherance of
such desire, on or about the 12th day of September, 1925,
the church council, the body clothed with authority to so
act, at a meeting thereof duly called and held, passed a
resolution demanding the discharge of such pastor; that
such action of such church council was carried to defendant
and to the congregation, and looking to the consummation
of such resolution, and after due notice given, the same was
presented to the congregation and members of such church
at a special meeting called for such purpose and held on
the 15th day of September, 1925, and the question of such
dismissal and vacation of premises was put to a vote of
such members, a majority of whom were present, and the
resolution previously adopted was, by a unanimous vote of
all the members of such church and congregation attend-
ing such meeting and voting on such question, approved
and the defendant dismissed as pastor of such church and
all his rights and prerogatives by reason of such employ-
ment terminated, and ordered to vacate such premises and
surrender the keys thereto within 30 days from such date;
that by reason of such acts of such officers and membership
defendant ceased to be the pastor of such church, was di-
vested of all rights, privileges and prerogatives connected
with such employment, and his services as pastor termi-
nated; that, notwithstanding the foregoing, the defendant
has refused to vacate the premises, and threatens to and
will continue to perform the duties, rights and functions of
a pastor unless in this proceeding prevented; that, by rea-
son of such wrongful acts on his part, the respective mem-
bers of such church have refused to contribute to its sup-
port, notwithstanding such church is indebted in the sum
of $5,500, which sum is long past due and which debt was
created as an aid to the acquiring of such property; that
the holders of such indebtedness threaten to proceed to
enforce collection thereof, and that the church is by reason
of the foregoing without means to meet such debt or to care
for the same without sale of the property, or otherwise di-
verting it from the uses and purposes for which it was

St. Paul English Lutheran Church v. Stein.

dedicated; that the right and authority to remove and discharge such pastor has at all times been vested in the church council and the membership of such church, and that such right of removal has been properly exercised; that plaintiffs are without an adequate or speedy remedy at law; and that unless relief is immediately granted great and irreparable damage will be done, not only to the property, but also to such church as an organization, and its usefulness and purpose rendered futile.

It is admitted on the part of all parties to the suit, and if not admitted it is sustained by the record, that this congregation is a nonsynodical body, and strictly independent of all other ecclesiastical connections or associations. It is claimed by the defendant, and alleged as a part of his defense, that the Lutheran church of both Iowa and Nebraska, by and through a synodical body, has sole and exclusive jurisdiction of the question here presented, as well as others of a similar nature, and that in the early part of this unfortunate situation the pastor, as well as those contending against him, submitted the question to such synodical body, and that it was by such body determined, after due consideration, in favor of the defendant, and that thereby, and by reason thereof, these plaintiffs are estopped from contending to the contrary. As to this, it may be admitted that, if this plaintiff church was a member of such synod, possibly the conclusion contended for by defendant should be sustained. However, as we find from the record, before such plaintiff church could become a member of such synodical body, or come under its jurisdiction, it was a condition precedent that it must sign a written or printed application directed to certain officers of such synodical body, asking to be received within its jurisdiction. Such application was not made or had. Hence, the mere attempt on the part of the minister and the congregation, acting through its proper officers, to adjust conditions in a friendly and Christian way could in no manner estop either from proceeding in a different manner if the action of the synod was not satisfactory, for, as testified to by the highest

officers of such synod, its actions at best were but advisory. Such an attempt on the part of the congregation and its pastor was laudable, but could not be said to be more than an attempt at perfecting a settlement, and it should not be by us given further or more binding force.

It is further urged on the part of the defendant that in seeking a pastor the plaintiff church applied to such synod, and that the synod, acting in harmony with its usual custom, assigned the defendant to plaintiff church as pastor. This, however, did not bring the plaintiff organization within the synod, and did no more than leave the pastor, defendant Stein, under the direction of such synodical body. The plaintiff church being a nonsynodical body, the law as announced by us in *Kenesaw Free Baptist Church v. Lattimer,* 103 Neb. 755, is controlling, and not that as announced in *Pounder v. Ashe,* 44 Neb. 672, where a synodical body was under consideration. From the foregoing it will be seen that the evidence amply sustains the contentions of the plaintiffs as against those of the defendant. Hence, we conclude that the trial court erred wherein it found that the acts of the plaintiffs estopped them from prosecuting this action, and for that reason refused to grant the relief sought by plaintiffs.

While other claimed errors are urged on the part of the defendant, we are constrained to believe that this little struggling congregation, as well as Reverend Stein, have had trouble sufficient, and that the record here should be left in such a way as to prove an inducement to each to continue their efforts in their respective fields, rather than to intensify the situation by a discussion of such claimed errors. It is sufficient to say that we have considered each thereof, but find them not to be of such potential nature as to defeat the plaintiffs' right to the relief prayed. As we view the questions involved in this case, each thereof should have been resolved in favor of the plaintiffs, and the trial court erred in not so concluding.

It follows that the decision of the trial court should be,

and is, reversed, and the cause remanded, with directions to enter judgment in harmony with this opinion.

REVERSED.