NELSON, Appellant, v. FOLEY, Respondent.

(223 N. W. 323.)

(File No. 6149.   Opinion filed January 26, 1929.)

*J. L. Meighen,* of Yankton, for Appellant.
*H. A. Doyle,* of Yankton, for Respondent.

MORIARTY, C.  This is an appeal from a judgment quashing a writ of habeas corpus and remanding the applicant to the custody of the sheriff.

The relevant facts are as follows:

Jerry Nelson came before the circuit court of Yankton county and entered a plea of guilty to an information charging him with the crime of having possession of intoxicating liquor in a public place.  Judge R. B. Tripp, before whom the plea was entered, signed a document which ordered and adjudged that Nelson, on his said plea of guilty, should pay a fine of $400 and the costs taxed at $14.45, and, in default of the payment, be committed to the county jail for a period not exceeding one day for each $2 of said fine.

And the document further recited that, as the penalty provided by statute for the offense is both fine and imprisonment, and as the court could more justly fit the imprisonment sentence to the offense when it shall have been known whether the fine and costs have been paid or satisfied by imprisonment, it was further ordered and adjudged that, upon the payment of said fine and costs, or its satisfaction by imprisonment, and before Nelson was discharged from custody, he should be brought before the court, "when the term of imprisonment will be fixed."  This was signed "By the Court, R. B. Tripp, Judge," and was attested and filed by the clerk.

Nelson paid the fine and costs, and on October 1, 1924, he was again brought before Judge Tripp, who then signed another instrument, which, after referring to the prior order of the court and the payment of the fine and costs, states::  "It is now finally adjudged and decreed, under the imprisonment penalty of the statute in such case made and provided, that you, Jerry Nelson, be imprisoned in the county jail in the city and county of Yankton, So. Dak., for the period of forty (40) days from this date, and you are remanded to the custody of the sheriff of this county pending the execution of this sentence."

This judgment was signed as By the Court, and was duly attested and entered.

Thereafter Nelson applied to Judge A. B. Beck for a writ of habeas corpus. After due hearing, findings and judgment quashing the writ were regularly entered.

The decisions of this court and a great weight of authority sustain the judgment appealed from.

Nelson submitted to the jurisdiction of the court, and entered his plea of guilty. Section 10278 of the Revised Code of 1919 provides the penalty for the offense as follows:

"Any person violating any of the provisions of this section shall for the first offense be punished by a fine of not less than two hundred dollars nor more than one thousand dollars, and by imprisonment in the county jail for not less than thirty days nor more than six months."

The court had jurisdiction of the person of Nelson, and it had jurisdiction to pronounce the sentence imposed. In a proceeding of this kind jurisdiction is the only question involved. Hulbert v. Fenton, 115 Neb. 118, 215 N. W. 104; State v. Jameson, 51 S. D. 540, 215 N. W. 697; Ex parte Dunn, 50 S. D. 48, 208 N. W. 224; Lockard v. Clark, 166 Iowa, 556, 147 N. W. 900; State v. Lee, 53 N. D. 86, 205 N. W. 314.

The writ of habeas corpus cannot be used to correct irregularities. State v. Brown, 149 Minn. 297, 183 N. W. 669; Ex parte Cole, 103 Neb. 802, 174 N. W. 509, 848; State v. Circuit Court, 193 Wis. 132, 214 N. W. 396.

The writ cannot be granted where the conviction is valid and only the sentence is void. State v. Reed, 138 Minn. 468, 163 N. W. 985; Ex parte Knox, 180 Wis. 622, 192 N. W. 395; State v. Lockwood, 155 Minn. 263, 193 N. W. 113; McElhaney v. Fenton, 115 Neb. 299, 212 N. W. 612.

In pronouncing sentence on Nelson's plea, the statute required the court to include both fine and imprisonment, within the statutory limits. Until a valid judgment was entered, the court did not exhaust its jurisdiction, and might be required to correct any irregularities by pronouncing a valid sentence and entering a valid judgment. State v. Jameson, supra; Ex parte Dunn, supra; State v. Schaller, 49 S. D. 398, 207 N. W. 161; Territory v. Conrad, 1 Dak. 363, 46 N. W. 605.

■ Irregular procedure, such as that adopted by the judge who pronounced the sentence involved in the instant appeal, should be avoided by trial courts, but to allow irregularities of such nature to free persons properly convicted of criminal offenses would result in an evil greatly outweighing any that could result from the irregulartities complained of.

The judgment appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.