STATE ex rel. SMITH, Appellant v. JAMESON, Respondent

(123 N.W.2d 300)

(File No. 10053. Opinion filed September 6, 1963)

Rehearing denied October 31, 1963

**Raymond Hieb,** Ipswich, **Thomas Mani,** Milbank, **Charles Lacey,** Sioux Falls, for Petitioner and Appellant.

**Frank L. Farrar,** Atty. Gen., **Donald J. McClure,** Asst. Atty. Gen., Pierre, for Defendant and Respondent.

NICHOL, Circuit Judge. The defendant, Wilson R. Smith, entered his plea of guilty in the Circuit Court of Spink County, South Dakota, to the crime of grand larceny. After his plea the States Attorney filed a supplemental information charging him with being an habitual criminal and the court sentenced the defendant to 15 years in the State Penitentiary under the enhancement provisions of the habitual criminal statute.

This case reaches the Supreme Court on an appeal from the judgment of the Circuit Court of Minnehaha County quashing a writ of habeas corpus sought by the defendant.

During oral argument in the Supreme Court, counsel for the appellant conceded that the defendant was guilty of the crime of grand larceny. Counsel further conceded that the defendant had been three times previously convicted of a felony. Counsel stated in his oral argument that, "We must admit that we stand on technical omissions in the record."

■ This court has held that proceedings on habeas corpus to obtain release from custody under final judgment are in the nature of a collateral attack and that the writ deals only with such radical defects as render the proceeding or judgment absolutely void. Nelson v. Foley, 54 S.D. 382, 223 N.W. 323; State ex rel. Anderson v. Jameson, 51 S.D. 540, 215 N.W. 697; 12 R.C.L. 1192, 25 Am.Jur., Habeas Corpus, § 28, p. 162.

■ On the other hand the jurisdiction of a court or judge to make or render an order, judgment, or sentence by which a person is imprisoned is always a proper subject of inquiry on habeas corpus. Wharton's Criminal Procedure, Vol. 5, Habeas Corpus, § 2225, p. 456. The habitual criminal act is a highly penal enactment and therefore should be strictly construed and applied. Even an incorrigible recidivist should not be subjected to the more severe punishment unless all of the procedural and substantive requirements created by the statute as well as those which exist in due process are fully met. State v. Janiec, 20 N.J.Super. 471, 90 A.2d 98; Wharton's Criminal Procedure, Vol. 5, Punishment, § 2221, p. 442; People v. Brown, 253 Mich. 537, 235 N.W. 245, 82 A.L.R. 341.

■ This court has held repeatedly that our habitual criminal act, SDC 13.0611, authorizing a more severe penalty to be inflicted on one who is a persistent offender did not creat a new or independent crime. State v. De Marsche, 68 S.D. 250, 1 N.W.2d 67; Ex parte Watt, 73 S.D. 436, 44 N.W.2d 119. Being an habitual criminal is a status and to be charged with being an habitual criminal is not to be charged with a crime. Ex parte Watt, supra; Zeimer v. Turner, 14 Utah 2d 232, 381 P.2d 721; People v. Dunlop, 102 Cal.App.2d 314, 227 P.2d 281.

Appellant in the first point, in his written brief, contends that the defendant was sentenced solely as an habitual criminal and not for grand larceny. The complete file in the Spink County case was received in evidence in the habeas corpus action in Minnehaha County. It reveals the following factual situation relative to the defendant's sentencing:

The defendant, Wilson R. Smith, was charged by preliminary complaint on December 19, 1955, with having committed the crime of grand larceny in Spink County on September 11, 1955. Following a preliminary hearing he was bound over to Circuit Court and at the June 1956 term, upon the request of his attorney, his case was continued over to the November 1956 term of Circuit Court. Upon arraignment in Circuit Court the defendant demanded a jury trial and informed the court he had engaged counsel for the trial. The case was set down for jury trial commencing November 14, 1956 at 10 o'clock a.m. However, the day before, on November 13, 1956, the defendant advised the court that he did not have an attorney and requested the court to appoint counsel for him, which the court did. Upon his arraignment on the 14th day of November, he pleaded not guilty to the information and a jury was duly impaneled and trial of the case was commenced. On the 17th day of November 1956, during the jury trial but prior to its completion, and while represented by counsel, the defendant applied to the court for permission to withdraw his plea of not guilty, which was granted. The defendant thereupon entered his oral plea of guilty to the information which plea of guilty was accepted and entered by the court, with sentencing set for December 6, 1956.

Thereafter, the defendant and his counsel moved the court

for permission to withdraw the plea of guilty and change the plea from guilty to not guilty which motion the court set down for hearing on December 21, 1956. After hearing on said day, the court denied the motion and thereafter on December 21, 1956, the States Attorney then filed his information charging the defendant with being an habitual criminal. In this information, dated December 4, but not filed until December 21, the States Attorney itemized five separate felony convictions. The first was in Spink County, South Dakota, on February 27, 1947, for grand larceny; the second in Brown County, South Dakota, on May 24, 1950, for obtaining money by false pretense; the third in Ramsey County, Minnesota, for grand larceny on June 2, 1952; the fourth in Edmunds County, South Dakota, for grand larceny on July 11, 1956; and the fifth on November 17, 1956, for grand larceny in Spink County, South Dakota.

The court, upon motion of the defendant, dismissed the third and fifth convictions itemized in the habitual criminal information, the third conviction being the Minnesota conviction and the fifth being the current grand larceny charge in Spink County.

Counsel for the appellant contends that, by striking the fifth conviction from the habitual criminal information, this amounted to a dismissal of the substantive offense of grand larceny, so that the 15-year sentence pronounced by the Spink County Circuit Court was for the separate crime of being an habitual criminal rather than enhanced punishment for the substantive offense of grand larceny to which he pleaded guilty on November 17, 1956. We cannot agree with counsel's contention. The record and the transcript of the court proceedings at the time of arraignment on the habitual criminal information and sentencing discloses that there was only one sentence and that it was for grand larceny as charged in the information filed on November 5, 1956.

Counsel for the appellant contends that our habitual criminal act is unconstitutional as having denied him a hearing upon the issues as to whether or not there were prior felony convictions as well as on the issue of whether or not the defendant was the person charged in the alleged convictions. In the first place the habitual criminal act has repeatedly been held constitution-

al against attacks that the act was an ex post facto law, or that it imposed double jeopardy, imposed cruel and unusual punishment or constituted a denial of due process of law. 58 A.L.R. 20, 82 A.L.R. 345, 116 A.L.R. 209, 132 A.L.R. 91, 139 A.L.R. 673. In the second place the defendant was given a full hearing as is further disclosed by the record. The transcript shows that the court advised appellant as follows:

"By the Court: Mr. Smith, the Court will advise you as to your legal rights before you are asked to plead. You are entitled to an attorney * * * appointed for you by the Court. You are entitled to a copy of the information and you have received one. The information charges you with commission and conviction of previous felonies. You are entitled to a speedy trial by jury in Spink County and at that trial you are entitled to meet the witnesses against you face to face and cross-examine them if you wish. You are entitled to call witnesses on your own behalf and to have subpoenas or other compulsory process issued to bring them into court to testify. Do you understand these rights as they have been explained to you?

"By Mr. Smith: Yes.

"By Mr. Kayl: (defendant's attorney) If it please the Court, I would like to make a point of inquiry. Any trial that may come out of this information, the only thing to be determined is the identity of the individual?

"By the Court: As to whether this defendant is the Wilson R. Smith named in the information, that's the only question.

"By Mr. Kayl: Do you understand that?

"By Mr. Smith: Not exactly.

"By Mr. Kayl: I request the Court explain it to you.

"By the Court: You recall with reference to the previous information you were asked if you plead guilty or not guilty. In this type of information you will be

asked if you are the Wilson R. Smith named in this information and you will say you are or you are not.

"By the Court: Having in mind these rights as they have been explained to you, I ask you, are you the Wilson R. Smith charged in this information?

"By Mr. Smith: Yes, sir.

"By the Court: Is there any legal reason why sentence should not be pronounced at this time?

"By Mr. Smith: We have none."

Counsel for the appellant contends that on the basis of the transcript, above quoted, that the most the defendant admitted was that he was the same person as the Wilson R. Smith charged in the habitual criminal information and that this was not an admission of the previous convictions. Counsel relies principally on the case of People v. Brown, 253 Mich. 537, 235 N.W. 245, 82 A.L.R. 341. Counsel contends that the Michigan statute is identical with the South Dakota statute and that it is necessary for the defendant, in addition to admitting his identity, to specifically plead guilty to having been previously convicted.

The Michigan statute as quoted in People v. Brown, supra and People v. Palm, 245 Mich. 396, 223 N.W.67, is not identical with the South Dakota statute. The Michigan statute, in addition to requiring the court to inform the defendant of the allegations contained in the supplemental information, of his right to be tried as to truth thereof and that he be required to say he is the same person charged in the information, further requires that he plead guilty or not guilty as to the prior convictions.

This court has held that it is mandatory, especially for a defendant without counsel, that he be advised as to the allegations contained in the habitual criminal information and of his right to be tried as to the truth thereof according to law and be requested to say whether he is the same person as charged in the information or not. State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130; State v. Ruffing, 78 S.D. 556, 105 N.W.2d 541.

While it may be true that the Circuit Court of Spink County did not advise the defendant with all the particularity we would

prefer and as outlined in the case of State ex rel. Medicine Horn v. Jameson, 78 S.D. 282, 100 N.W.2d 829, the court feels that the trial court did sufficiently advise the defendant as to his constitutional rights and as to his right to be tried as to the truth of the information charging the prior felonies and did request him to state whether he was the same person as charged in the information as required by the habitual criminal statute and that the procedure for charging and sentencing the defendant under the habitual criminal statute was sufficiently followed as to give the court jurisdiction to impose the enhanced sentence.

■ This defendant was no stranger to criminal proceedings. He was represented by counsel at all stages of the trial and particularly at the arraignment and sentencing and no legal cause was shown why sentence should not be pronounced at that time. His confession in open court after being duly cautioned as to his rights that he was the same person as charged in the information authorized the court to impose the enhanced punishment. State ex rel. Smith v. Jameson, 70 S.D. 503, 19 N.W.2d 505; 11 A.L.R.2d 875. We conclude that there was no error in the proceedings whereby the appellant was sentenced.

■ Two further points remain. Appellant argues that the habitual criminal information fails to allege that the prior convictions were unknown to the States Attorney at the time the original grand larceny information was filed. The statute does not require such a statement nor do we feel that it is necessary. State ex rel. Medicine Horn v. Jameson, supra.

■ The contention of the appellant that the trial court erred in receiving the Spink County file containing matters subsequent to the judgment and sentence, is without merit. The statute clearly permits the introduction in evidence of the complete file under the provisions of SDC 1960 Supp. 36.08. Its reception in evidence was necessary and relevant for a determination by the Minnehaha County Circuit Court of the merits of the habeas corpus action.

The judgment quashing the writ is affirmed.

All the Judges concur.

NICHOL, Circuit Judge, sitting for HANSON, P. J., disqualified.