**Wilson R. SMITH, Petitioner,**

v.

**Donald R. ERICKSON, Warden, South Dakota State Penitentiary, Respondent.**

**Misc. No. 258.**

United States Court of Appeals Eighth Circuit.

April 17, 1964.

Charles Lacey, Sioux Falls, S. D., represented appellant.

Walter Weygint, Asst. Atty. Gen. of South Dakota, Pierre, S. D., represented respondent.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, a South Dakota state prisoner, seeks to have a certificate of probable cause issued by a judge of this Court under 28 U.S.C.A. § 2253, to enable him to take an appeal from the District Court's denial of his application for a federal writ of habeas corpus.

The sentence on which petitioner is confined is one for grand larceny, SDC § 13.3803, with punishment for the offense having been increased under the State's habitual criminal statute, SDC § 13.0611. Petitioner contends that the proceedings in increase of punishment were violative of due process, and that, with the increase thus being void, he is entitled to his release as having served the maximum time to which he otherwise could be subjected. The South Dakota courts have held that his claim of constitutional violation is without substance. See State ex rel. Smith v. Jameson, S.D., 123 N.W.2d 300 (1963).

The effect of petitioner's claim here is that the state trial court did not comply with the requirements of the habitual criminal statute, and hence the proceedings were lacking in due process; or alternatively that, if the proceedings satisfied the requirements of the statute, then the statute itself was without sufficient safeguards to afford due-process protection.

Section 13.0611(3) provides:

"If * * * it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth herein, it shall be the duty of the state's attorney * * * to file an information accusing the said person of such previous convictions. Whereupon, the court * * * shall cause the said person * * * to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall request such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer or remains silent, his plea or the fact of his silence shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed herein * * * * ".

■ We accept, as we must, the holding of the South Dakota Supreme Court that the proceedings satisfied the requirements of the statute, since petitioner's claim is not one of alleged difference in statutory application among defendants so as to involve a question of equal protection. The claim is one of lack of due process, and this question turns entirely in the situation on whether the proceedings, though satisfying the statute, were not sufficiently protective, considering their object and significance, to be constitutionally valid against petitioner.

The proceedings are set out in full in the opinion of the South Dakota Supreme Court, 123 N.W.2d at 303, and they will only be summarized here. They occurred in open court, and petitioner was represented by appointed counsel. A copy of the habitual criminal information was furnished to petitioner. Additionally, the Court informed him that the information charged him with commission and conviction of previous felonies. It advised him that he was entitled to a jury trial on the information, and asked him if he understood "these rights as they have been explained to you". Petitioner answered "Yes". Counsel for petitioner then brought out that in a trial upon the information "the only thing to be determined is the identity of the individual", and asked the Court to explain this to petitioner. The Court addressed petitioner, saying: "You recall with reference to the previous information you were asked if you plead guilty or not guilty. In this type of information you will be asked if you are the Wilson R. Smith named in this information and you will say you are or you are not". Upon then being asked whether he was the Wilson R. Smith charged in the informa-

tion, petitioner answered "Yes, sir". When the Court thereupon inquired whether there was any reason "why sentence should not be pronounced at this time", petitioner replied "We have none".

Petitioner argues that, in order to satisfy due process, it was necessary for the proceedings to be equivalent in standard to proceedings of arraignment and conviction; that in what was here done "he did not plead guilty to the criminal information, nor did he at any time admit the allegations of the same, nor was he at any time tried or granted a hearing thereon".

It should first be noted that the South Dakota statute differs from one such as that of Michigan, which "requires that he [defendant] plead guilty or not guilty as to the prior convictions", a distinction which the South Dakota Supreme Court emphasized, supra, 123 N.W.2d at 303, in refusing to following the holding of People v. Brown, 253 Mich. 537, 235 N.W. 245, 82 A.L.R. 341, on which petitioner relies.

The provisions of the South Dakota statute—that the defendant shall have the opportunity to state whether he is "the same person charged in the information" or, in other words, whether he is the person against whom the alleged previous convictions exist; that if he says he is not or he refuses to answer, a jury trial shall be held on the question of "whether the offender is the same person mentioned in the several records as set forth in such information"; and that what the jury is called to make finding upon is whether or not "he is the same person" or, in other words, whether he is the one who has been previously convicted as alleged—are substantially the same as those of the habitual criminal provisions of 26 U.S.C.A. § 7237(c) (2), [formerly § 7237(a)] relating to federal narcotic offenses.

A similar situation as is here involved was presented under the federal statute in United States v. Scales, 7 Cir., 249 F.2d 368 (1957), cert. den. 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820, and the provisions thereof were accorded the same effect as was given by the South Dakota Supreme Court to those of the state statute. The defendant contended that under the federal statute "the court had the burden of directly questioning him * * * in a manner similar to proceedings upon formal arraignment". The Court rejected this contention and said that the responsibility imposed upon the trial court was to afford the defendant an opportunity to affirm or deny his identity as the person to whom the convictions set forth related, and that "The court had no obligation to proceed further or more formally unless and until the identity of appellant as the man previously convicted was denied". 249 F. 2d at 370.

There is no basis to argue that the things of which petitioner complains were necessary as substantive ritual for affording protection generally within the nature and purpose of an habitual criminal statute. Nor would it be possible to contend that, even if these things were not required to be held to be generally or absolutely necessary, the result in petitioner's situation had been one of such fundamental unfairness and injustice as not to be capable of being tolerated as a due-process product. What petitioner argues ought to have been done would not have had capacity to produce a different result as a matter of justice, for as the South Dakota Supreme Court pointed out, 123 N.W.2d at 301, it was conceded on petitioner's collateral attack that the convictions alleged in the information existed against him.

Petitioner's contentions thus are matters of formality, not necessary as absolutes in general protection, and without unfairness or prejudice as to the result in his own situation. They present no question of federal substance to afford probable cause for an appeal. The application to have a certificate of probable cause issued by a judge of this Court is denied.

Application denied.