**UNITED STATES of America ex rel. Bruce D. CUMMINGS, Petitioner,**

v.

**Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.**

No. 81–120C(5).

United States District Court, E. D. Missouri, E. D.

Sept. 25, 1981.

Bruce D. Cummings, pro se.

Steven W. Garrett, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

CAHILL, District Judge.

This matter is before the Court on Bruce D. Cummings' petition for writ of habeas corpus.

The facts of this case are not in dispute. On August 17, 1979, Cummings was found guilty by a jury of second degree murder and sentenced to life imprisonment in the Missouri Department of Corrections. Cummings was convicted for the death of Anginetta Mitchell, two years of age. The child was admitted into St. Louis Childrens Hospital on August 27, 1977 and died on October 4, 1977 as a result of third degree burns over 40 to 45 percent of her body. During defense counsel's *voir dire* examination, the trial court limited his line of questioning to exclude inquiries about the jury panelists' knowledge of certain legal principles.

At trial, defense counsel objected to the introduction into evidence of certain photographs of the victim, taken after her death. The trial court overruled the objection. At the end of the introduction of evidence by the parties, the jury was instructed on second degree murder and manslaughter and returned a verdict of the former. The court, acting under the Missouri Second Offender Act, fixed punishment at life imprisonment. Defendant filed a motion for new trial but was overruled. The conviction was affirmed by the Missouri Supreme Court in *State v. Cummings*, 607 S.W.2d 685 (Mo.1980).

Cummings has filed a petition for writ of habeas corpus in which he asserts as grounds for granting the writ that (1) the trial court erred in allowing the photographs of the victim to come into evidence; (2) the trial court should not have found that he had a prior conviction pursuant to the Second Offender Act; (3) the evidence adduced showed that, at most, the crime of manslaughter was committed and not second degree murder, therefore his conviction should be overturned; and (4) the trial court erred in limiting defense counsel's inquiry into certain legal principles on *voir dire* examination. Cummings contends that the above-mentioned acts violated his right to a fair trial as guaranteed by the sixth amendment to the Constitution as incorporated in the fourteenth amendment. For the reasons given below, the writ is denied.

The points of error asserted by Cummings fail to state grounds that are cognizable by a federal district court when reviewing a petition for writ of habeas cor-

pus. The first ground relates to the admissibility of photographs into evidence. States have traditionally been afforded substantial latitude in fashioning their own rules of evidence and criminal procedure. *Manning v. Rose*, 507 F.2d 889 (6th Cir. 1974). Questions relating to the admissibility of evidence are matters of state law and generally do not give rise to constitutional errors which are subject to redress in federal habeas corpus cases. *Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976). In order to establish a denial of due process, the petitioner must prove that the asserted error was so gross, conspicuously prejudiced, or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process. *See Maggitt, supra*, at 385. The trial court and the Missouri Supreme Court found that the photographs were relevant and material in light of the unusual type of injury involved in the homicide. Both courts also found that although the pictures were taken sometime after the injury was inflicted, they did show the nature and extent of the burns suffered by the child. *See State v. Cummings*, 607 S.W.2d at 688. In light of the findings by the Missouri courts, the Court finds no violation of due process by the admission of the photographs into evidence.

■ Cummings next asserts that the trial court erred in finding that the Missouri Second Offender Act was applicable because the prior conviction relied upon, for purposes of the Act, was a federal court conviction on his plea of guilty under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026. The Missouri Supreme Court found that the prior conviction had not been expunged and was therefore to be considered for purposes of the Second Offender Act. In a habeas corpus proceeding attacking a state court conviction under legislation such as the Missouri Act, the federal court must accept the state court's holding. *Smith v. Erickson*, 331 F.2d 49 (8th Cir. 1964). Thus, Cummings' conviction under the Second Offender Act must stand.

■ Cummings' third contention is that the evidence adduced supports, at most, a conviction for manslaughter. The Missouri Supreme Court determined that the circumstances relied upon by the state were sufficient to permit the jury to find that, without justification or excuse, Cummings intentionally immersed the victim in scalding water, an act calculated to cause serious injury, and death resulted from such act. *See Cummings, supra*, at 688. Factual determinations made by a state court of competent jurisdiction and evidenced in writing should be presumed correct by a district court reviewing a habeas petition. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The findings are entitled to great deference and the burden is on the petitioner to establish by convincing evidence that the State's factual determination was erroneous. *Sumner, supra*, at 550, 101 S.Ct. at 771, 66 L.Ed.2d at 733. After viewing the transcripts of record and the findings of fact by the trial court and the Missouri Supreme Court, it is apparent that Cummings has fallen far short of bearing the burden of showing by convincing evidence that the factual determinations were erroneous.

■ Petitioner's final argument asserts that defense counsel was at a disadvantage in the jury selection process by the trial court's limitation on *voir dire* examination. This contention finds no factual support in the record. Defense counsel was limited in his inquiry as to whether the jury panelists could distinguish the burdens of proof required to be met in civil and criminal cases. However, the transcript clearly shows that the panelists were confronted with that line of questioning on three prior occasions, including once by defense counsel. Thus there is no factual basis for this argument. Therefore,

IT IS HEREBY ORDERED that Bruce D. Cummings' petition for writ of habeas corpus is DENIED.

SO ORDERED.